UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM McCRAVEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-1072-RWS |
| ) | |
| SCHNUCKS GROCERY STORE, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of plaintiff James William McCraven to commence this action without payment of the required filing fee.[1] *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss this action prior to service.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond

---

[1]The Court notes that two plaintiffs, James William McCraven and Jermaine Allen McCraven, are listed in the style of the case; however, only James William McCraven has submitted a motion for leave to proceed in forma pauperis and a financial affidavit. Because the Court is dismissing the complaint prior to service of process, the Court will strike Jermaine Allen McCraven as a party-plaintiff.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief against defendant Schnucks Grocery Store for the alleged violation of his constitutional rights under 42 U.S.C. § 1983. In addition, plaintiff claims "defamation of character, pain & suffering, slander, invasion of privacy, sexual harassment, and threat against life."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous and fails to state a claim upon which relief can be granted. To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). In the instant action, defendant Schnucks Grocery Store is not a person acting under color of state law for purposes of § 1983.

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*,

2

383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion"). Moreover, even if the Court were to construe the complaint as having been brought under 28 U.S.C. § 1332, the action would be dismissed for lack of subject matter jurisdiction. Although the amount in controversy exceeds $75,000, diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Jermaine Allen McCraven is **STRICKEN** as a party-plaintiff to this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 25th day of October, 2006.

_____
**UNITED STATES DISTRICT JUDGE**